FILED

NOV 1 4 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| PERKINS COIE LLC, | * | CIV 05-3020 |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| | * | OPINION AND ORDER |
| -vs- | * | |
| | * | |
| ALLCO FINANCE CORPORATION, | * | |
| ALLCO FINANCE GROUP LIMITED, | * | |
| DOE 1, AND DOE 2, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Perkins Coie LLC ("Perkins") filed this action alleging causes of action for breach of contract and "account stated." The defendants, Allco Finance Corporation, Allco Finance Group Limited, Doe 1, and Doe 2 (collectively "defendants"), have filed a motion to dismiss (Doc. 11).[1] Defendants claim that Perkins has failed to state a cause of action upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and further claim that Perkins has failed to join an indispensable party, pursuant to Fed. R. Civ. P. 19.

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted the district court must accept the allegations of the complaint as true and must construe them liberally in plaintiff's favor. Booker v. City of St. Louis, 309 F.3d 464, 467 (8th Cir. 2002), Duffy v. Landberg, 133 F.3d 1120, 1122 (8th Cir. 1998), Whisman el rel. Whisman v. Rinehart, 119 F.3d 1303, 1308 (8th Cir. 1997), and Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal under Fed. R.12(b)(6) is appropriate only when it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997), and Dover Elevator Co.

---

[1] Defendants' motion to dismiss does not address Count II of the complaint. Consequently, the Court will not consider Count II at this time.

v. Arkansas State Univ., 64 F.3d 442, 445 (8th Cir. 1995).   Moreover, all that is required of plaintiff's complaint is a "short and plain statement of the claim" stating why the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).

Perkins describes defendants Allco Finance Corporation and Allco Finance Group Limited as Nevada corporations with their principal place of business in the State of New York. Doe 1 and Doe 2 are claimed to be unidentified entities affiliated with Allco Finance Corporation and Allco Financial Group Limited.  Defendants claim in numbered paragraph 1 of their motion to dismiss that Perkins ambiguously refers to all defendants as "Allco," and fails to allege agency, partnership, or in any other manner, which defendant did what.[2]  Defendants further claim that, without more specific allegations, they have no way of responding to the allegations.

There is no question that Perkins is somewhat vague in assigning responsibility for the claimed breach of contract in this instance.  Presumably, a contract for the provision of legal services would, at a minimum, clearly define which parties are involved.  It is somewhat peculiar that Perkins has named Doe 1 and Doe 2 as defendants.  In a more complex lawsuit involving multiple defendants and a variety of claimed wrongs as to each defendant, defendants' claim may have merit.  However, at its core, this is an action involving seven invoices for attorney's fees. The claim is, quite simply, that the defendants owe money for legal services Perkins rendered to the State of South Dakota, the South Dakota Municipal Facilities Authority ("SDMFA"), and the South Dakota Building Authority ("SDBA").  While Perkins could have been more clear as to which party breached the contract and how each party breached the contract, the Court is not persuaded that the defendants would have undue difficulty responding to the complaint.

Defendants' contentions in numbered paragraphs 2 and 3 of their motion to dismiss, namely that Perkins failed to allege the existence of a contract between Perkins and defendants relating to the legal services Perkins provided and that Perkins has failed to state a cause of action for breach of contract against defendants, are also rejected.  The elements of breach of

---

[2] D.S.D. LR 7.2(A) provides that "[t]here shall be served on opposing counsel and filed with the Clerk with every motion raising a question of law . . . a brief containing the specific points or propositions of law with the authorities in support thereof on which the moving party will rely, including the Rule on the basis of which the motion is made."  Defendants have failed to comply with this rule, as no brief was submitted with their motion.

2

contract are an enforceable promise, a breach of the promise, and resulting damages. Guthmiller.v. Deloitte & Touche, LLP, 2005 SD 77, ¶ 14, 699 N.W.2d 493, 498, and McKie v. Huntley, 2000 SD 160, ¶ 17, 620 N.W.2d 599, 603.

Taking all well-pleaded allegations in the amended complaint to be true, Perkins has stated a claim that would entitle it to relief against Allco under the facts alleged. Paragraph 7 states that "Allco committed to pay the fees and disbursements incurred by and on behalf of the State of South Dakota, the South Dakota Municipal Facilities Authority, and the South Dakota Building Authority for legal services provided by Perkins Coie." Paragraph 12 of Perkins' amended complaint states:

> In a letter dated May 3, 2002, Allco released Altheimer & Gray (including Bonjour) as counsel to Allco effective upon the date HB 1279 was signed into law by the Governor of South Dakota, and Allco agreed and consented to Altheimer & Gray (including Bonjour) assuming the role of counsel to the State of South Dakota, the SDMFA, and the [SDBA], and Allco further agreed to pay all legal fees and expenses incurred by or on behalf of the SDMFA, SDBA, and the State of South Dakota for services provided by counsel Altheimer & Gray (including Bonjour) regarding the Opportunity.

Paragraph 13 goes on to state that "[t]he promise to pay the legal fees and expenses was binding regardless of whether any long-term lease/leaseback transaction was consummated . . ." Plaintiff alleged that, when attorney Bonjour and attorney Capizzi left Altheimer & Gray, the agreement to pay legal fees continued. Specifically, in paragraph 17, plaintiff avers that "Allco confirmed that its agreement to pay legal fees incurred by or on behalf of the SDMFA, SDBA, and the State of South Dakota applied with equal force to the fees of Perkins Coie for services rendered to the State of South Dakota, SDBA, and the SDMFA." Plaintiff claims that invoices for these legal fees totaling $329,158.16, plus unpaid and continuing late charges, which, as of February 28, 2005, are $49,841.06, remain due and owing to Perkins Coie from Allco, along with all attorneys' fees and costs of collection. Amended Complaint, ¶ 23. Finally, Perkins alleges that "Perkins Coie has demanded payment from Allco of said amount due to Perkins Coie, but no further payment has been received from Allco, and Allco is in breach of its contract to pay said amount."

While Perkins may not have used all of the popular buzz words in alleging the breach of contract here, the complaint sets forth a "short and plain statement of the claim" stating why Perkins claims to be entitled to relief.

Finally, defendants claim that Perkins has failed to join indispensable parties as required by Fed. R. Civ. P. 19(a). Defendants believe that the State of South Dakota, SDBA, and the SDMFA should have been included as parties, since they were the parties for whom Perkins rendered legal services. Defendants contend that, without those parties, complete relief cannot be accorded among the parties to this litigation.

Fed. R. Civ. P. 19(a) provides:

**Joinder of Persons Needed for Just Adjudication**

(a) **Persons to be Joined if Feasible**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) **Determination by Court Whenever Joinder not Feasible**. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

4

Rule 19 governs when joinder is compulsory. Gwartz v. Jefferson Memorial Hosp. Ass'n, 23 F.3d 1426, 1428 (8th Cir. 1994) (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir.1993)). The Court must first determine whether the State of South Dakota, SDBA, and the SDMFA should be joined if "feasible" under Rule 19(a), that is, whether they are "necessary." Id. If they are not necessary, then the case must go forward without them and there is no need to make a Rule 19(b) inquiry. Id.

Defendants state that the State of South Dakota, SDBA, and the SDMFA are necessary and indispensable parties, but offer little by way of explanation. Perkins' claim is that the defendants contractually agreed to pay the fees and disbursements incurred by and on behalf of the SDMFA, SDBA, and the State of South Dakota for legal services provided by Perkins and the defendants have breached that agreement to pay. In the motion to dismiss submitted by defendants, there is no contention that the state agencies have direct liability to plaintiff. Perkins makes no contention in its complaint that any state agency is liable. Defendants make no contention that this was some sort of indemnification agreement by which the defendants would pay if the state agencies failed to pay. Based on the materials submitted, it appears that Perkins is making no claim against the State of South Dakota, SDBA, or the SDMFA and it appears as though complete relief can be accorded among the existing parties.

Now, therefore,

IT IS ORDERED that the defendants' motion to dismiss (Doc. 11) is denied.

Dated this 11th day of November, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY_____
                    DEPUTY
(SEAL)

5